UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
R. ALEXANDER ACOSTA                    *
SECRETARY OF LABOR,                    *
United States Department of Labor,     *
                                       *
              Plaintiff,               *
                                       *        CIVIL ACTION No.
         v.                            *        1:18-cv-12398
                                       *
P&B PARTITIONS, INC., and              *
RONALD BIGLIN, JR.,                    *
                                       *
                                       *
                                       *
              Defendants.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

COMPLAINT

Plaintiff, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants from violating the provisions of Sections 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§ 207, 211, 215(a)(2), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2), 216(c).

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1345.

II

The period covered by this complaint is August 15, 2016 to June 25, 2017.

III

Defendant P & B PARTITIONS, INC. ("P & B"), is, and at all times hereinafter mentioned was, a corporation having an office and place of business located at 436 Commerce Lane, Suite A, West Berlin, NJ.  Defendant P & B, during the period between August 15, 2016 and April 15, 2018, performed work as a drywall partition subcontractor on a construction project to build an apartment complex located at 145 Front Street, Worcester, MA, within the jurisdiction of this Court.

IV

Defendant Ronald H. Biglin, Jr. ("Biglin"), is, and at all times hereinafter mentioned was, the president, director and owner of P & B, which during the period between August 15, 2016 and April 15, 2018, performed work as a drywall partition subcontractor on a construction project to build an apartment complex at the location of 145 Front Street, Worcester, MA ("The City Square Project"), within the jurisdiction of this Court.  Biglin, as president, director, and owner of P & B,  actively manages, supervises, and directs the business affairs and operations of said business, including P & B's work on the City Square Project.  This included hiring and firing of foremen on the City Square Project, instructing foreman as to the range of pay rates for different categories of workers such as laborers and mechanics on the City Square Project, instructing foremen regarding whether to give workers raises on the City Square Project, approving hiring on the City Square Project, and communicating daily with foremen on the City Square Project regarding the day to day running of the job.  Defendant Biglin has acted at all

times material herein directly and indirectly in the interest of Defendant P & B in relation to its employees, and was and is, therefore, an employer of said employees, within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

V

Defendants P & B and Biglin are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

VI

At all times hereinafter mentioned, Defendants P & B and Biglin employed employees, in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including employees handling, or otherwise working on goods or materials that have been moved in or produced for commerce, and performing multistate construction activities. Said enterprise, during the covered period, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VII

Defendants have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) by employing and failing to properly compensate approximately fifty (50) employees working as laborers, dry wall hangers, carpenters and one

lull operator. These employees worked for workweeks longer than forty (40) hours, and received compensation from Defendants for their employment in excess of forty (40) hours in said workweeks at rates less than one and one-half times the regular rate at which they were compensated. All such employees were paid straight time for overtime hours worked in cash. For example, a laborer worked approximately fifty-two (52) hours per week during the week between February 20, 2017 and February 26, 2017, and was not paid the overtime premium for hours over forty (40) per week. Instead, he was paid for forty (40) hours on payroll and was paid straight time in cash for the twelve (12) hours over forty (40) per week.  Another example is a framer who worked approximately forty-four (44) hours per week during the work week between December 12, 2016 and December 18, 2016 and was not paid the overtime premium for hours over forty (40) per week.  Instead he was paid for thirty-six (36) hours on payroll and was paid straight time in cash for the eight (8) hours over thirty-six (36) per week.  Defendants' violations of the Act, as set forth above, were willful in that Defendants knowingly paid straight time in cash for hours over forty (40) per week, and knowingly did not record those hours on time records or record cash paid to employees on payroll records in order to avoid paying time and one half to employees for hours worked over 40 per week.

VIII

Defendants have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment, as prescribed by regulations duly issued pursuant to authority granted in the Act and found in Title 29, Part 516 of the Code of Federal Regulations. The Defendants failed to keep accurate records of hours worked for their employees working at the City Square

Project during the period between August 15, 2016 and June 25, 2017, particularly hours over 40 per week. Further, Defendants' payment records at the City Square project, during the period between August 15, 2016 and June 25, 2017, did not include records of payment for hours worked over forty per week, or payments in cash. Defendants' violations of the Act, as set forth above, were willful in that Defendants knowingly did not record those hours on time records or record the cash payments to employees on payroll records to avoid showing on their records that overtime hours were worked and not compensated for at time and one half the employees' regular rate.

IX

Throughout this period, Defendants have willfully and repeatedly violated the aforesaid provisions of the Act as alleged.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment against Defendants as follows:

(1) For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A, plus liquidated damages equal in amount to the unpaid compensation found due;

Alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-

judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

    (3) For an Order awarding Plaintiff the costs of this action; and

    (4) For an Order granting such other and further relief as may be necessary and appropriate.

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

/s/ Susan G. Salzberg
Susan G. Salzberg
Senior Trial Attorney
salzberg.susan@dol.gov
MA BBO No. 556437

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
JFK Federal Building-Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142