UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
R. ALEXANDER ACOSTA, SECRETARY OF LABOR, \*
United States Department of Labor, \*
\*
             Plaintiff, \*
\*   CIVIL ACTION
     v. \*
\*   FILE NO. 1:18-CV-12398
P&B PARTITIONS, INC., and \*
RONALD BIGLIN, JR., \*
\*
            Defendants. \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CONSENT JUDGMENT AND ORDER

Plaintiff has filed a complaint and the Defendants, without admitting or denying liability, have appeared, received a copy thereof, and waived service of process. Defendants, without admitting or denying liability, also hereby acknowledge assessment by Plaintiff of civil money penalties in the amount of $42,350.00, waive notice and service requirements for the issuance of those penalties, and waive exception to those civil money penalties, all under Section 16(e) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1– 578.4, 580.1–580.18. The Court finding that it has jurisdiction to enter this Consent Judgment and Order, and Plaintiff and Defendants agreeing to its terms,

It is, therefore,

ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees, and all persons acting or claiming to act in their behalf and interest be, and they

1

hereby are, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 USC 201 et seq.), hereinafter referred to as "the Act", in any of the following manners:

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. § 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

Defendants shall not fail to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act, 29 U.S.C. § 211(c), and found in Title 29, Part 516 of the Code of Federal Regulations.

Further, the Court, finding that the employees are due compensation in the amount of $158,139.46 (inclusive of back wages and liquidated damages), as shown on attached Exhibit A which is incorporated in and made a part hereof, it is ORDERED, ADJUDGED and DECREED that Defendants, shall pay said compensation on or before November 30, 2018.

The Defendants represent that they have been in compliance with the Act since June 25, 2017. In resolving the amount of back wages and liquidated damages in this judgment, the Plaintiff has relied on this representation, and, accordingly, the back wage and liquidated damage provision of this judgment shall have no effect upon any back wages and liquidated damages which may have accrued since that date. Further, the back wages and liquidated damages in this

judgment are limited to work performed by the employees listed on Exhibit A of this judgment, for work they performed at the City Square Project in Worcester, MA between August 15, 2016 and June 25, 2017, and this judgment shall have no effect upon any back wages and liquidated damages which may be owed employees not named in Exhibit A, and for work performed outside of the above specified location and dates.

The back wage and liquidated damages provisions of this judgment shall be deemed satisfied when Defendants deliver to Plaintiff two separate checks made out to each of the employees on Exhibit A as follows: (1) a back wage check for each of the employees on Exhibit A, in the amount set out in Exhibit A, from which deductions are made, including Defendants' employees' share of social security and federal withholding taxes, and (2) a liquidated damages check for each of the employees on Exhibit A, in the amount set out in Exhibit A, which is not subject to deductions. Defendants shall further pay the employers' share of social security to the appropriate authority for the back wages paid pursuant to this judgment. The checks shall be sent directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

A copy of said checks shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, JFK Federal Building, Room 525, 15 New Sudbury St., Government Center, Boston, MA 02203, Attention Carlos Matos, District Director.

On or before November 30, 2018, Defendants shall also deliver to the United States Department of Labor, Wage and Hour Division, Northeast Regional Office, The Curtis Center,

Suite 850 West, 170 S. Independence Mall West, Philadelphia, PA 19106, a statement showing the name of each employee listed in Exhibit A, and each employee's current address.

When recovered wages have not been claimed by an employee within three years because of inability to locate the employee or because of the employee's refusal to accept such sums, the Secretary of Labor shall deposit the wages into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

Defendants shall not, under any circumstances, solicit repayment of any amount paid to any employee in connection with this judgment. In the event any such amount is received from any employee, Defendants shall immediately remit such amount to the U.S. Department of Labor at the Philadelphia, PA address set forth above.

It is also ORDERED, ADJUDGED and DECREED that Defendants shall, on or before November 30, 2018, pay the civil money penalties issued pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e), and 29 C.F.R. §§ 578.1–578.4, in the reduced amount of $33,880.00 to the Wage and Hour Division. The civil money penalty portion of this judgment will be deemed satisfied when the Defendants deliver to Plaintiff $33,880.00. This civil money penalty payment shall be made in the form of a certified check made payable to "Wage and Hour Division-Labor", and sent directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317

As with the back wage payments, a copy of said civil penalty check shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, JFK Federal

Building, Room 525, 15 New Sudbury St., Government Center, Boston, MA 02203, Attention Carlos Matos, District Director.

It is further ORDERED, ADJUDGED and DECREED and each party hereby agrees that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated 1/21/19

*Paul B Saris*
United States District Judge

Defendants hereby consent to entry of this judgment.

P & B Partitions, Inc.,
Defendant

By _____
Ralph R. Smith, 3rd, Esq.
Capehart Scatchard
As Attorney for Defendants

Date _____
as Counsel for
Ronald Biglin, Jr.
Defendant

By _____
as Counsel for
Ronald Biglin, Jr.
President of P & B Partitions, Inc.

Date November 15, 2018

Plaintiff moves for entry of
This judgment:

Kate S. O'Scannlain
Solicitor of Labor

Maia S. Fisher
Regional Solicitor

_____
Susan G. Salzberg
Senior Trial Attorney
BBO#556437
Date November 15, 2018.

5